State *v.* Meader.

---

## STATE OF VERMONT *v.* GRANVILLE C. MEADER.

### *Evidence.   Criminal Law.*

To make it competent for a party complained of for assault and battery, to show that the person assaulted was quarrelsome and fractious, he must show that he had knowledge of such fact; for the theory upon which such evidence is admitted is, the influence which such knowledge may be supposed to exert upon the conduct of the party in preventing or repelling an assault.

The complaint for assault and battery and impeding a school-district tax collector, set up the respondent as a resident of Ryegate, and alleged that the offence was commit-ted there; but the warrant was returnable at St. Johnsbury, where the respondent was brought, and pleaded not guilty and demanded a trial by jury.   The justice heard evidence and decided to take jurisdiction of the case, whereupon the respond-ent went to trial by the court, and after the opening argument by the state's attor-ney, moved that the case be dismissed, for that it "ought to be tried in Ryegate."

The justice overruled the motion, and adjudged the respondent guilty, and sentenced him to pay a fine and costs. The motion was renewed in the county court. *Held*, that by his conduct before the justice, the respondent waived the right which the statute gave him to a trial in Ryegate.

THIS was a complaint by the state's attorney for assault and battery and impeding one Bailey, collector of school district No. 5 in Ryegate, appealed to the county court. The complaint set the respondent up as of Ryegate, and alleged the offence to have been committed there. The warrant was returnable at the state's attorney's office in St. Johnsbury. The justice's record showed that the respondent was brought before him and pleaded not guilty and demanded a trial by jury, whereupon the justice proceeded to hear the proofs and allegations, and decided to take jurisdiction of the case, and offered the respondent a trial by jury, but that he went to trial by the court; that after the opening argument of the state's attorney, the respondent moved that the case be dismissed, "for that the cause ought to be tried in Ryegate;" but that the justice adjudged the respondent guilty, and sentenced him to pay a fine and costs. In the county court, Ross, J., presiding, the respondent renewed his motion to dismiss, but the court overruled the same; to which the respondent excepted. At the December term, 1873, the case was tried by jury on the plea of not guilty, and verdict of guilty.

The state used said Bailey as a witness, and his testimony tended to show that he went to the respondent's house in Ryegate, to get pay on some school taxes that he had against him; that the respondent invited him into his house and handed him a five-dollar bill to pay the taxes; that a dispute arose between them about the amount due, whereupon the respondent beat him. The evidence on the part of the respondent tended to show, that in the dispute, Bailey called him a damned liar; that the respondent told him not to tell him he was a liar in his own house; that after the taxes were paid and settled, the respondent told Bailey to leave his house, and opened the door for him to go, but that he refused to go, and called the respondent a lying son of a bitch, and doubled his fists and put himself in a fighting attitude, and threatened the respondent with violence, whereupon the re-

spondent put him out of his house.   In this connection the respon-
dent offered to show that Bailey was a quarrelsome, fractious
man ; to which the state objected, and the court excluded it; to
which the respondent excepted.   Other exceptions were taken,
but as they were not argued they are not stated.

*A. M. Dickey* and *Harry Blodgett,* for the respondent.

Respondent should have been allowed to prove that Bailey
was a quarrelsome, fractious man.   A person when assailed, or is
threatened by an ugly, fractious, desperate man, should be justi-
fied in treating him with more severity than a mild, inoffensive
man.   The greatest latitude of proof should be allowed in this
class of cases.   Hilliard Torts, 194; *Harrison* v. *Harrison,* 43
Vt. 417.

The court should have dismissed the case.   Gen. Sts. ch. 31,
§ 2.   Did respondent waive his right to be tried in the town of
Ryegate, by not making his motion to dismiss the cause before
the justice, until after the state's attorney had made the opening
statement ?   We think not.   Respondent could take advantage
of the statute even after verdict.   *Commonwealth* v. *Doty,* 2 Met.
18 ; *Osgood* v. *Thurston,* 23 Pick. 110.   Exceptions to the juris-
diction over the subject-matter can not be waived.   *State* v. *Rich-
mond,* 26 N. H. 232 ; 27 N. H. 346, 347.

*Elisha May,* state's attorney, for the state.

Did the justice properly take jurisdiction at St. Johnsbury and
fine respondent ?   The justice certainly had jurisdiction over the
offence, and we think over the person too.   Any motion under
§ 2, ch. 31, of the Gen. Sts., is in its nature a kind of dilatory
plea, and must be plead at the outset.   *Wheelock* v. *Sears,* 19 Vt.
559 ; *State* v. *Butler,* 17 Vt. 145 ; *Huntley* v. *Henry et al.* 37 Vt.
165 ; 1 Bishop Crim. Proced. 26 ; *State* v. *Carr,* 13 Vt. 571 ;
*State* v. *Nutting,* 16 Vt. 264 ; *State* v. *Haynes,* 35 Vt. 565.

Respondent waived his right to be tried in Ryegate, by his
conduct before the justice.

The offer made by respondent to prove that Bailey was a quar-
relsome, fractious man, was properly rejected.   Under the decis-

State *v.* Meader.

ion laid down in *Harrison* v. *Harrison*, 43 Vt. 417, it would be necessary for respondent to show that Bailey was generally reputed to be and was in fact a quarrelsome man, and that *this was known* to the respondent. We question whether respondent could legally prove this under the general issue on this complaint. 37 N. H. 316; 1 Mass. 54; Hilliard Rem. Torts, 368, § 2; 1 Bishop Crim. Proceed. § 273; *State* v. *Fisher*, 35 Vt. 584.

The opinion of the court was delivered by

ROYCE, J. In the trial in the county court, the respondent offered to prove that Bailey, the man upon whom he was charged with making the assault for which he was being tried, was a quarrelsome, fractious man, and the proof was excluded. The offer lacked a necessary element to make the evidence admissible, and that was, that the fact was known to the respondent that he offered to prove. In *Harrison* v. *Harrison*, 43 Vt. 417, evidence of the same character as that offered here, accompanied with the offer to show knowledge on the part of the defendant of the existence of the facts offered to be shown, was held admissible. The theory upon which such evidence is admitted is, the influence which the knowledge may be supposed to exert upon the conduct of a party in preventing or repelling an assault. Evidence of the fact alone is not available to a party, for without knowledge of its existence, it would have no influence upon his conduct. I think in all the cases where such proof has been admitted, it will be found that it was accompanied with proof of the knowledge of the facts offered to be proved by the party offering it.

The complaint upon which the warrant issued, charged that the respondent was a resident of the town of Ryegate, and that the offence with which he was charged was committed in Ryegate; and the warrant was made returnable at, and the respondent was tried in, St. Johnsbury. The justice decided to take jurisdiction of the case, and the respondent proceeded with the case, and after the opening argument of the state's attorney, moved to have the case dismissed, for that the cause ought to be tried in Ryegate. The justice overruled the motion, and it was renewed in the county court, and there overruled—to which the respondent

11

excepted.   Sec. 2, ch. 31, of the Gen. Sts., provides that all pros-
ecutions commenced before a justice of the peace, which are
within his jurisdiction to try and determine, shall be tried in the
town where the offence was committed or where the respondent
resides.   The right of the respondent to a trial in Ryegate under
the above statute, is clear, and the question is, whether by his con-
duct he waived that right.   The motion was not predicated upon
a want of jurisdiction in the court, nor upon its denial to accord
to him a trial in Ryegate.   If the respondent desired a trial in
Ryegate, he should seasonably have demanded it.   The right was
one which he could waive without affecting the validity of the
proceeding.   He was notified by the complaint that he was enti-
tled to a trial in Ryegate, and if he claimed to be tried there, he
should have made the claim before he was  put upon his trial.
The general rule is, that if a party who has ground to move
the court to set aside any process or proceeding of any kind,
neglects to make his application in a reasonable time after the
facts have come to his knowledge, he is deemed to waive the ex-
ception by the delay, and will be forever precluded to make the
objection afterwards.   1 Tidd Pr. 90, 434, 435 ; *Fox* v. *Marcy*,
1 B. & P. 250, 344 ; *Pearson* v. *Rawling*, 1 East, 77 ; *Argent* v.
*Virant*, Ib. 330 ; *State* v. *Richmond*, 26 N. H. 232.   The delay
of the respondent in claiming the right to be tried in Ryegate, we
consider was rightfully treated as a waiver of the right.   The
other exceptions taken have not been urged in this court, and the
judgment is that the respondent takes nothing by his exceptions.