## STATE v. MAURICE LOCKLIN.

*Criminal Law. Antrefois Convict. Pleading. Breach of the Peace. Former Conviction.*

A plea to an indictment charging a breach of the peace, which alleges that the offense with which the respondent is charged is part of an offense for which he had been indicted and convicted, is sufficient on demurrer.

INDICTMENT for a breach of the peace. Heard on demurrer to the respondent's plea, September Term, 1886, POWERS, J., presiding. Judgment sustaining the demurrer, and adjudging the plea insufficient.

The indictment in this case alleged that the respondent * * * " did disturb and break the public peace by tumultuous and offensive carriage by assaulting and striking one Martin Hill," etc.

The plea set out the former indictment, wherein it was alleged that the respondent made an assault upon one Herman Hill " with a certain dangerous weapon, that is to say with a knife, etc., * * * of malice aforethought, to kill and

State *v.* Locklin.

murder," etc. It was also alleged as stated in the opinion of the court; and that the jury returned a verdict in the former case that the respondent was guilty of a common assault.

*Heath & Willard*, for the respondent.

The prior conviction of an offense, which is part of the offense charged in a later indictment, is a bar. 1 Bish. Cr. L. 1057; *Solliday* v. *Commonwealth*, 28 Pa. St. 13; Bishop Forms, 1042; *State* v. *Matthews*, 42 Vt. 545.

*E. W. Bisbee*, *State's Attorney*, for the State.

The offenses set out in the two indictments are different in law and fact. One is the common law offense of assault and the other is the statutory one.

The opinion of the court was delivered by

Ross, J. The respondent's plea sets forth another indictment for an assault upon Herman Hill, of the same date with the one under consideration. The one under consideration is for an assault upon Martin Hill. The plea alleges that the assault charged in the present indictment is " a part of one and the same breach of the peace " charged in the former indictment, for which he has been convicted; and that the assault charged in the present indictment was " incident to and a part of the assault " for which he has been convicted, and prays for a discharge from the present indictment. The allegations of the plea are admitted by the demurrer. The substance of the whole plea is that the offense with which the respondent is charged in the present indictment is part of an offense for which he has been indicted and punished. As the whole includes all the parts, in legal effect, the plea alleges that the respondent has been already punished for the offense charged in the present indictment, and this is admitted by the demurrer. Whether the plea is true, in fact, we have no occasion or right to inquire. If it is not, the State should have traversed it. As admitted by the demurrer, it, in legal effect,

alleges that the respondent has already been punished for the very offense charged in the present indictment, in the conviction on the former indictment.

Exception sustained, judgment and sentence reversed, and cause remanded.