STATE *v.* EUSEBIO ALBANO.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1917.

*Assault—Right of Self-defence—Evidence—When Inadmissible —Request to Charge—When Refusal not Error—Verdict— When Rendered for Lesser Offence than that Charged— When a Bar to Prosecution for Another Offence.*

It a party assaulted has other means of avoiding the assault that are available, and that appear to him at the time as sufficient, he cannot use force in self-defence.

An exception to the exclusion of evidence offered by respondent upon the issue of self-defence, in a prosecution for assault with intent to kill, will not be sustained where there is no evidence in the case tending to show that respondent was assaulted or threatened with imminent and serious bodily injury and that he reasonably apprehended, in the circumstances of the case, that he needed to use the means which he did use in his defence.

Evidence offered by respondent in a prosecution for an assault with intent to kill that he was a steady worker was properly excluded, as having no tendency to contradict evidence introduced by the state that he occasionally drank intoxicating liquor.

Error cannot be predicated upon the failure of the trial court to charge as requested, when the record shows no evidence which would warrant the instruction so requested.

Under an indictment for an assault with intent to kill "being armed with a dangerous weapon," a verdict may be rendered of guilty of assault with intent to kill, or of a simple assault, if warranted by the evidence; because an indictment charging the highest degree includes the lower degrees.

Where one offence is a necessary element in, and constitutes a part of another, and both are in fact but one transaction, an acquittal or conviction of one is a bar to the prosecution for the other.

INDICTMENT for assault with intent to kill and murder, being armed with a dangerous weapon. Plea, not guilty. Trial by

jury at the September Term, 1916, Washington County, *Fish,* J., presiding. Verdict guilty of assault with intent to kill. Respondent excepted.

It was claimed by respondent that the shooting was done by him in self-defence. As bearing upon the claim of self-defence, he offered to show that, prior to the assault, Cerutti, the complaining witness, was living as a boarder in the house with respondent's wife from whom respondent had parted; that before respondent left his home Cerutti accompanied respondent's wife to places of amusements and to houses of friends; that Cerutti had mistreated respondent's daughter and that respondent's wife communicated with respondent, and met him several times while Cerutti was away at work. This evidence was excluded, and respondent excepted.

*J. Ward Carver* for respondent.

*Fred E. Gleason,* State's Attorney, for the State.

The verdict should not be set aside. Where an indictment contains proper allegations to charge offences of less degrees than the highest charged, a conviction for any of the lesser is proper. 1 Bish. Cr. Proc., secs. 415-420; 1 Bish. Cr. Law, secs. 780, 794, 795; Wharton Cr. Pl. & Pr. (9th ed.) sec. 250; *Dickinson* v. *State,* 70 Ind. 247; *State* v. *Belden,* 33 Wis. 120; *Thomas* v. *People,* 113 Ill. 531; *People* v. *Dowling,* 84 N. Y. 478; *State* v. *Lessing,* 16 Minn. 75; *Com.* v. *Crowley,* 167 Mass. 434, 168 Mass. 222; *State* v. *Putnam,* 42 N. H. 490; *State* v. *Parker,* 66 Iowa 586; *State* v. *Lillie,* 60 Wash. 200; *State* v. *Henry,* 98 Me. 561; *State* v. *Smith,* 43 Vt. 324; *State* v. *Lincoln,* 50 Vt. 644; *State* v. *Locklin,* 59 Vt. 654.

MILES, J. This is a prosecution charging the respondent with assaulting one Cerutti with intent to kill and murder him, being armed with a dangerous weapon. On trial the respondent was found guilty and the case comes here upon exceptions to the exclusion of evidence, to the failure of the court to charge, to the overruling of the respondent's motion to set the verdict aside, and to the overruling of the respondent's motion in arrest of judgment. There was no question on the trial but that the respondent on the second day of July, 1916, fired at and wounded

Cerutti, and that the shooting was done with a thirty-eight caliber revolver, which, evidence of the State tended to prove, was purchased by the respondent on the 27th day of May, 1916.

The respondent claimed that the shooting was done in self-defence and the first eleven exceptions were to the exclusion of evidence which the respondent claimed supported that defence and those exceptions may well be treated together. Respondent's counsel makes no claim that the evidence excluded, standing alone, would be admissible, but he claims that the excluded testimony would shed light upon the character of the self-defence and hence would be admissible in connection with that defence. The position of the respondent, therefore, depends upon his claim of self-defence. The right of self-defence is founded in the first law of nature and as applied to human affairs, it presupposes that the party interposing the defence has been assaulted. 2 R. C. L. p. 548, par. 27 *et seq.* ''The law abhors the use of force, either for attack or defence, and never permits its use unnecessarily,'' and if the party assaulted has other means of avoiding the assault that are available, and that appear to him at the time as sufficient, and are in fact available, then he cannot use force in his self-defence. *Howland* v. *Day & Dean,* 56 Vt. 318. To make the testimony excluded material, it was necessary that there should have been evidence in the case tending to show that the respondent was assaulted or threatened with imminent and serious bodily injury and that he reasonably apprehended, in the circumstances of the case, that he needed to use the means which he did use in his defence. *McQuiggan* v. *Ladd et al.,* 79 Vt. 90, 64 Atl. 503, 14 L. R. A. (N. S.) 689. A careful examination of the transcript discloses no evidence of such a character, but on the contrary, the uncontradicted testimony shows that respondent was not assaulted before the shooting but deliberately and without provocation, so far as anything appeared in the evidence, fired at Cerutti as soon as he came into his presence. Respondent's counsel claims that a mark upon the wall and the course the bullet took in passing through a portion of Cerutti's arm indicates that the shooting was done in self-defence. Counsel did not point out to us how this fact had a tendency to show that the respondent was assaulted, much less that it was done in such a manner as to justify him in reasonably apprehending that it was necessary to shoot Cerutti, and we think that fact is too shadowy to base upon it a claim of self-

defence. We think that there was no error in the exclusion of that testimony.

The respondent's counsel has considered exceptions 12 and 13 together as raising only one question and we consider it in the same manner. Exception 12 was to the exclusion of a question asked Jerome Valli which was as follows: "Q. And whether or not, Mr. Valli, he is a steady worker?" The personal pronoun "he" referred to the respondent. The respondent's counsel, in connection with this question, said that he offered to show that respondent was a good steady workman, always at work, and that he had the books in court for the purpose of showing that fact and that he offered this testimony for the purpose of contradicting the testimony of the State that he was a drinking man. The State had introduced testimony tending to show, at the time of the shooting, the respondent was under the influence of intoxicating liquor to some extent, and in connection with that testimony, gave evidence tending to show that previously he had been in the habit of occasionally drinking intoxicating liquor, as bearing upon the question of whether he was under the influence of intoxicating liquor at the time of the shooting. We think that the offered testimony had no tendency to contradict the testimony of the State. The respondent may have been all that was claimed for him in the offer and yet have drunk intoxicating liquor on the occasion of the shooting and on the occasion to which the State's evidence referred.

Exception 13 was to the exclusion of the same class of testimony and the disposition of exception 12 disposes of this exception. We think there was no error in the exclusion of the offered testimony.

Exception 14 was to the failure of the court to charge that if the house on Webster Avenue was the home of the respondent, and that the witness, Cerutti, had been asked to go, and he still remained there after he had been ordered to go, that he was a trespasser, and being a trespasser the respondent had a right to eject him from his home if necessary by using force as was reasonably necessary for that purpose. There was no error in the Court's failure to instruct the jury as requested, because the record shows no evidence which would warrant the instruction so requested. *Rogers* v. *Bigelow,* 90 Vt. 41, 96 Atl. 417; *Citizens Savings Bank* v. *Fire Insurance Company,* 86 Vt. 267, 84 Atl. 970.

Only one question is raised in exceptions 15 and 16; *viz.* That the indictment charged the respondent with intent to kill and murder being armed with a dangerous weapon and the jury brought in a verdict of an assault with intent to kill, without including in that verdict the phrase ''being armed with a dangerous weapon.'' The respondent assumes in this exception that an assault with intent to kill is a different offence from an assault being armed with a dangerous weapon with intent to kill or murder. The assumption is not sound. The *corpus delicti* is the assault, and ''being armed with a dangerous weapon is regarded as aggravating the crime.'' *State* v. *Reed,* 40 Vt. 603. In other words, it is an aggravated assault and is an assault of the higher degree than an assault with intent to kill or a simple assault. Under the indictment in this case, a verdict could have been rendered for any of the degrees of assault from the highest to the lowest, if there had been evidence to warrant the verdict. An indictment charging the highest degree includes the lower degrees; *State* v. *Coy,* 2 Aikens 181; *State* v. *Thornton,* 56 Vt. 35, and *State* v. *Ambler,* 56 Vt. 672. In *State* v. *Smith,* 43 Vt. 324, an indictment for an assault with intent to commit rape, the proof was of an actual commission of rape. A conviction for an assault with intent to commit rape was held not to be error and to be a bar to a prosecution for the higher degree. In *State* v. *Locklin,* 59 Vt. 654, 10 Atl. 464, the respondent was indicted and tried for an assault upon Herman Hill, being armed with a dangerous weapon with intent to kill and murder, and was convicted on that indictment of a simple assault. Later he was indicted for a breach of peace by tumultuous and offensive carriage, by assaulting and striking Martin Hill, on the occasion when he committed the assault for which he was convicted. Held, that the conviction was a bar to the second prosecution. In the trial of the case before us the degree of the assault, as well as the assault itself, was a fact for the jury to find and finding the respondent guilty of an assault below the highest degree and the sentence being within the degree found, the respondent has no ground of complaint. Where one offence is a necessary element in and constitutes a part of another and both are in fact but one transaction, an acquittal or conviction of one is a bar to a prosecution for the other; *State* v. *Locklin, supra,* and *State* v. *Smith, supra.*

*Judgment that there is no error in the proceedings of the county court and that the respondent take nothing by his exceptions. Let execution be done.*