STATE *v.* WILLIAM LESCORD, ALIAS WILLIAM WETHERBEE.

Special Term at Brattleboro, February, 1922.

Present:     WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 2, 1922.

*Homicide—Evidence of Commission of Murder While Engaged in Another Felony—Improper Cross-examination.*

1. Where the statute (G. L. 6798) provided that murder committed by any of the means mentioned therein, or in perpetrating or attempting to perpetrate certain felonies, among which was robbery, should be murder in the first degree, and all other kinds of murder should be in the second degree, and by another statute (G. L. 6799), it was provided that in case the respondent was found guilty the jury must fix the degree of murder, under an indictment charging murder in the first degree in the manner prescribed by G. L. 2546 the State may introduce evidence to show that the murder was committed in perpetrating or attempting to perpetrate a robbery.

2. In a homicide case, where on direct examination a witness for the State testified that he had been well acquainted with deceased for years, that the latter was an aged man and walked with a cane or crutch, inquiries on cross-examination as to whether witness had drunk intoxicating liquor with deceased, whether witness had ever seen deceased under the influence of liquor, and as to deceased's conduct in that condition, were properly excluded as not proper cross-examination.

INDICTMENT for murder in first degree. Plea, not guilty. Trial by jury at the June Term, 1921, Windsor County, *Fish,* J., presiding. Verdict, guilty of murder in the first degree. The respondent was not sentenced. Respondent excepted. The opinion states the case. *Exceptions overruled.*

*H. G. Tupper* for respondent.

*Frank C. Archibald,* Attorney General, and *Glenn C. Howland,* State's Attorney, for State.

Under statutes providing that murder in the perpetration or attempt to perpetrate certain felonies shall constitute murder in the first degree, an indictment in the ordinary form charging murder in the first degree is sufficient and need not aver that the offence was committed in connection with one of such felonies, in order to permit proof of such fact and conviction of murder in the first degree by reason thereof.

13 R. C. L. 780; 21 Cyc. 840; *State* v. *Johnson,* 72 Iowa 393, 34 N. W. 177; *Commonwealth* v. *Flannagan,* 7 Watts & S. 415 (Penn.) ; *State* v. *Averill,* 85 Vt. 115; *People* v. *Giblin,* 115 N. Y. 196, 21 N. E. 1062, 4 L. R. A. 757; *State* v. *King,* 24 Utah 482, 68 Pac. 418; *State* v. *Meyers,* 99 Mo. 107, 12 S. W. 516; *State* v. *Canington,* 117 N. C. 834, 23 S. E. 337; *State* v. *Foster,* 136 Mo. 653, 38 S. W. 721; *White* v. *State,* 16 Tex. 206; *Gehrke* v. *State,* 13 Tex. 568; *Robertson* v. *Commonwealth,* (Va.) 20 S. E. 362; *State* v. *Warrel,* 25 Mo. 205; *Nite* v. *State,* 41 Tex. Crim. Rep. 340, 54 S. W. 763; *Gay* v. *State,* 40 Tex. Crim. Rep. 242, 49 S. W. 612; *Titus* v. *State,* 49 N. J. Law 36, 7 Atl. 621; *State* v. *Schnelle,* 24 W. Va. 767; *People* v. *Sullivan,* 173 N. Y. 122, 63 L. R. A. 353, and note; *People* v. *Osmond,* 138 N. Y. 80, 33 N. E. 739; *Powell* v. *State,* 74 Ark. 355, 85 S. W. 781.

Some foundation must be laid, either by State or respondent, to show that respondent acted in self-defense before evidence of the bad character or reputation of the deceased can be received. *State* v. *Turner,* 29 S. C. 34, 13 A. S. R. 706, and note; *State* v. *Thompson,* 49 Or. 46, 124 A. S. R. 1015, and note; *People* v. *Garbutt,* 17 Mich. 9, 97 A. D. 162, and note; *Harrison* v. *Commonwealth,* 79 Va. 374, 52 A. R. 634, 21 Cyc. 907, 908, and 909.

WATSON, C. J.   During his opening statement to the jury, the Attorney General said in substance, among other things, that

the State's evidence would tend to sustain the claim that Race was robbed by the respondent and was assaulted for the purpose of robbery. The respondent objected to this statement and was allowed an exception on the ground that the State, under the indictment, could not show robbery for the purpose of affording a basis of the claim of murder in the first degree—could not show robbery for the purpose of supplying the necessary element of premeditation. The same question was raised in connection with the charge to the jury.

The indictment alleges that the respondent, on the day and at the place named, "with force and arms, feloniously, wilfully, deliberately, with premeditation and of malice aforethought, one George Race * * * did kill and murder," etc. It contains no allegation that the crime was committed in perpetrating or attempting to perpetrate robbery.

By the statute, murder committed by means of poison, or by lying in wait, or by wilful, deliberate and premeditated killing, or committed in perpetrating or attempting to perpetrate robbery (or other felonies mentioned), shall be murder in the first degree. All other kinds of murder shall be murder in the second degree. G. L. 6798.

The statute does not create a new offence, nor does it undertake to define the crime of murder. It provides that murder committed by any of the means mentioned, or in the circumstances of perpetrating or attempting to perpetrate any of the felonies named, shall be murder in the first degree. Another section (G. L. 2546), declares that in an indictment for murder, the manner in which or the means by which the death of the deceased was caused, need not be set forth; but it shall be sufficient for an indictment to charge that the respondent did feloniously, wilfully and of his malice aforethought kill and murder the deceased. And it has been held that an indictment drawn in accordance with these provisions fully informs the person charged with murder, of the cause and nature of the accusation against him; that there is nothing in the Constitution of the State, precluding the Legislature from dispensing with the necessity of stating in an indictment for homicide, the means, manner, and circumstances of the killing. *State* v. *Noakes,* 70 Vt. 247, 40 Atl. 249.

[1] Since such an indictment is sufficient, and since the statute further provides that, in case the person tried is found

guilty of murder, the degree shall be determined by the jury and stated in its verdict (G. L. 6799), there can be no doubt of its being within the contemplation of the statute that, for the purpose of such determination, evidence may be introduced, showing the existence of any of the elements specified by reason of which the murder was in the first degree.

[2]  One of the State's witnesses testified in direct examination that he was well acquainted with Race for many years; that the latter was an aged man and walked with a cane or crutch. Being cross-examined, the witness was asked if it was not true that on various occasions he and the decedent drunk intoxicating liquor. The answer was in the negative. Objection to the question being then made by the State, as not in cross-examination, the court asked respondent's counsel if their claim was to be that the assault was made by the respondent in self-defense. Counsel answered that he did not then want to make that statement, and ought not to be compelled, further saying that the question was merely preliminary. The question was excluded, and exception saved. But the answer of the witness was not stricken out, and so the respondent had the benefit of it for what it was worth. The witness was asked whether he knew what the conduct of the decedent was when under the influence of intoxicating liquor— whether quarrelsome or otherwise. This question was excluded "for the present," and exception noted. The question was then asked whether the witness had seen the decedent when under the influence of intoxicating liquor, counsel stating that this was offered to show the mental characteristics of the latter, and his manner of conduct when under such influence, and that the respondent expected to show that, on the night in question, the decedent was in that condition. As in the other instance, the evidence was excluded "for the present," and exception noted.

Counsel for respondent now urges that the exclusion of the foregoing questions was error, citing in support of his position the case of *McQuiggan* v. *Ladd,* 79 Vt. 90, 64 Atl. 503, 14 L. R. A. (N. S.) 689. But that case was trespass for assault and battery, and in addition to the general issue, *son assault demesne* was pleaded. The questions asked in the instant case were not in cross-examination, and the rulings are sustained on that ground. It is apparent, however, that from what was said by respondent's counsel in connection therewith, the exclusions were in terms "for the present," the court thinking that similar

offers might be made later, when respondent was putting in his evidence, if it be claimed that in killing Race he acted in self-defense. See G. L. 6803. But no such claim was made in the case, and no evidence was introduced or offered by the respondent after the prosecution rested.

*It is therefore considered that judgment ought to be and it is rendered upon the verdict. Let sentence be imposed and execution thereof done.*